**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003377
22-APR-2015
09:36 AM**

NO. CAAP-13-0003377

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHONG H. PARK, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-13-00814)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Chong H. Park (Park) appeals from
the Notice of Entry of Judgment and/or Order and Plea/Judgment,
entered on August 13, 2013 in the District Court of the First
Circuit, Honolulu Division (District Court).[1]

Park was convicted of Operating a Vehicle Under the
Influence of an Intoxicant (OVUII), in violation of Hawaii
Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp.
2014).[2]

---

[1] The Honorable David W. Lo presided.

[2] HRS § 291E-61(a) states:

> **§291E-61 Operating a vehicle under the influence of
> an intoxicant.** (a) A person commits the offense of
> operating a vehicle under the influence of an intoxicant if
> the person operates or assumes actual physical control of a
> vehicle:
>
> > (1) While under the influence of alcohol in an
> > amount sufficient to impair the person's normal
> > mental faculties or ability to care for the
> > person and guard against casualty;

(continued...)

On appeal, Park contends (1) the District Court erred by denying his Motion to Suppress because (a) he was not provided with a Miranda warning when asked if he would submit to a breath, blood, or urine test, (b) he was specifically advised that he had no right to an attorney, in violation of HRS § 803-9, and (c) a biological breath sample was taken without his consent or exception to the warrant requirement, in violation of Missouri v. McNeely, — U.S. —, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013) and (2) the charge was deficient for failing to define the term "alcohol."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Park's points of error as follows:

(1) A Miranda warning was not required to be given to Park before determining whether he would submit to a breath, blood, or urine test. State v. Won, 134 Hawai'i 59, 72, 332 P.3d 661, 674 (App. 2014), cert. granted, 2014 WL 2881259 (Jun. 24, 2014) (Miranda rights not implicated or violated by the police action in obtaining agreement to submit to a breath test).

Park was not improperly advised that he was not entitled to an attorney, in violation of HRS § 803-9. Id. at 74, 332 P.3d at 676.

Park's argument that he did not knowingly and voluntarily consent to a breath test is without merit. Park contends that he was coerced into consenting to a breath test when he was informed via a preprinted form of the consequences of

---

2(...continued)

(2)   While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;

(3)   With .08 or more grams of alcohol per two hundred ten liters of breath; or

(4)   With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

2

refusing to consent to a breath, blood, or urine test prior to consenting to a breath test. Park correctly notes that such a warning is not required by HRS § 291E-11 but it is required pursuant to HRS § 291E-15 after a defendant refuses to consent. The language that Park challenges states "However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable." Park argues that the warning does not inform a defendant that stated criminal penalties only apply if a defendant is convicted of refusing to consent to a breath, blood, or urine test and that "A lay person may interpret this language to mean that they may have to sit in jail until 30 days have elapsed and/or they have to pay a fine up to $1000 prior to being released." No statute prohibits the police from informing a defendant of the statutory consequences of refusing to consent to a breath, blood, or urine test prior to a defendant's refusal to consent to such a test. The warning is not coercive because it informs a defendant that he or she may be subject "up to" 30 days imprisonment and/or a $1,000 fine. In addition, such penalties can only be imposed "if applicable." Thus, the warning does not suggest that imprisonment and/or a fine is automatic upon refusal to consent. Park's reliance upon McNeely is misplaced because "McNeely only addressed the exigent-circumstances exception to the warrant requirement for nonconsensual blood draws, it did not address breath tests or other exceptions to the warrant requirement." Won, 134 Hawai'i at 78, 332 P.3d at 680. McNeely also did not address the validity of implied consent statutes. Id. at 80, 332 P.3d at 682. Since Park consented to a breath test, no warrant or exception to the warrant requirement was needed.

(2) The definition of "alcohol" was not required to be stated in the charge. State v. Turping, — Hawai'i —, — P.3d —, CAAP-13-0002957 2015 WL 792715 at *6 (App. Feb. 25, 2015) petition for cert. filed (Apr. 16, 2015) (SCWC-13-0002957).

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on August 13,

2013 in the District Court of the First Circuit, Honolulu
Division is affirmed.

DATED: Honolulu, Hawai'i, April 22, 2015.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge